UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YELENA STUDWELL individually and On behalf of
all other similarly situated persons,

                  Plaintiffs,

PERVEZ QURESHI, and SHAFKAT ILAHI. and
AFZAL AMANAT, and EXCEL MEDICAL
IMAGING P.C,

                  Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff YELENA STUDWELL, on behalf of HERSELF and all others similarly situated against the above captioned Defendants., by and through their attorneys, Kleyman & Associates P.C., as and for their Complaint, respectfully allege as follows, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

1. This case is a wage and hour collective action to vindicate the substantive rights afforded employees by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). PERVEZ QURESHI, and SHAFKAT ILAHI. and AFZAL AMANAT, and EXCEL MEDICAL IMAGING P.C, deliberately and systemically fails to pay its employees their earned wages and overtime compensation in violation of the FLSA. s (hereinafter referred to collectively as "Plaintiffs"),

**PRELIMINARY STATEMENT**

2. Plaintiff brings this action, on behalf of herself and other employees similarly situated to remedy violations of the Fair Labor Standards Act. Plaintiffs seek for herself and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and all other appropriate legal and equitable relief pursuant to (29 U.S.C. §§207(a), 211(c), 215(a)(2)(5), 216, 217)

1

and other applicable law.

3. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situations to remedy violations of the New York States Law, including N.Y. Lab., L. §§ 190 et seq. §§ 650 et. seq. and 12 NYCRR § 142-2.2. Plaintiff seeks for herself and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and all other appropriate legal and equitable relief pursuant to N.Y. Lab., L. §§ 198,663.

## *NATURE OF THE ACTION AND JURISDICTION*

1. This is a civil action brought by Plaintiff both in his individual capacity, and as a representative action on behalf of others similarly situated for claims pursuant to sections 7(a), 11(c), 15(a)(2)(5), 16, and 17 of the Fair Labor Standards Act, as amended (29 U.S.C. §§207(a), 211(c), 215(a)(2)(5), 216, 217), (hereinafter referred to as "FLSA") and as a class action pursuant to Fed. R. Civ. P. 23(b) for claims brought under Article Nineteen of the New York State Labor Law ("NYS Labor Law") and its implementing regulations.

2. More specifically, this Complaint alleges that by willfully failing, refusing or neglecting to pay Plaintiffs overtime pay at a rate of time and one-half for all hours worked over sixty (60) hours per week, Defendants violated the FLSA and NYS Labor Law, and Plaintiff is entitled to actual and liquidated damages, injunctive and declaratory relief, and reasonable attorney's fees pursuant to Section 16(b) of FLSA (29 U.S.C. § 216(b)) and Section 663 (1) of the NYS Labor Law.

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

6. Venue properly lies in this district under 28 U.S.C. § 1391(b). A substantial part of the events and occurrences underlying this litigation occurred within this district.

### *PARTIES*

7. Plaintiffs are technicians, managers, and cashiers and helpers that were employed by the Defendants during the six (6) years preceding the filing of this Complaint through the present, and who regularly worked over forty (40) hours a week for the Defendant, but who were not paid overtime pay at a rate of time and one-half as required by FLSA, Section 7 (29 U.S.C. § 207) and Article 19 of the NYS Labor Law.

8. Plaintiffs have no have no corporate parents, subsidiaries, or affiliates.

9. Plaintiff Yelena Studwell ("Studwell") resides in the County of Kings in the State of New York. At all relevant times, Plaintiff Studwell was employed by Defendants as an in MRI Technician, as described herein, from in or about February 2005-November 2013.

10. Upon information and belief, Defendant EXCEL MEDICAL IMAGING P.C. ("Excel") is a radiology office operating at 72-35 51st Avenue. Suite B Woodside, NY 11377.

11. Upon information and belief, Defendant PERVEZ QURESHI ("QURESHI") is the managing Doctor and Owner of Excel Medical Imaging and resides and/or does business at 295 Ralph Ave, New York, NY 11233. Defendant Qureshi has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiffs.

12. Defendant, MOHAMMED SHAFKAT ILAHI ("ILAHI") is the owner, chairman/chief executive officer, manager and/or operator of the corporate Defendants. Defendant Ilahi has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiffs.

13. Defendant, AFZAL AMANAT ("AMANAT") is the manager and/or operator of all of the corporate Defendants. Defendant AMANAT has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiffs.

14. The Plaintiff's at all relevant times were paid either by Avzal, Ilahi or by Qureshi.

15. Defendants grossed more than $500,000.00 in each of the last six calendar years individually and collectively.

16. At all relevant times Defendants have been and continue to be, "employers" engaged in interstate "commerce" and/or in the "production of goods" for "commerce" within the meaning of 29 U.S.C § 203 and the NYLL. At all relevant times, Defendants have employed "employee[s]", including Plaintiff, each of the FLSA collective Plaintiff and the class members

17. Upon information and belief, at all times material hereto, Defendants and the John Doe Shareholders (hereinafter sometimes collectively referred to as "Defendants") were and are for-profit domestic corporations, entities, and/or individuals doing business within the City and State of New York. At all relevant times hereto, the Defendants were employers and/or joint employers of the Plaintiffs and others similarly situated in an industry affecting commerce within the meaning of Section 3 of the FLSA (29 U.S.C. §203).

## *CLASS ACTION ALLEGATIONS*

18. The precise number of the individuals in the class are known only to the Defendants. The class is believed to include more than thirty (30) individuals. Joinder of all class members is impracticable.

19. There are questions of law and fact common to the class, and the claims of Plaintiffs are typical of the class claims.

20. Defendants have acted or refused to act on grounds generally applicable to the class with respect to the claims set forth in the First and Second Causes of Action, thereby making final injunctive relief applicable to the class appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

21. The Plaintiffs will fairly and adequately protect the interests of the class.

22. Common claims predominate over any questions affecting only individual class members.

23. Plaintiffs' counsel is experienced in conducting class actions in the federal courts and is prepared to advance the costs that are necessary to litigate this action vigorously, including the cost of sending a class notice.

24. The Plaintiffs' interests in the claims set forth herein are in no way antagonistic or adverse to those of other class members.

25. A class action under Fed. R. Civ. P. 23(b)(3) is superior to other methods of adjudicating the claims that are described herein, based upon the following reasons:

    a. Common issues of law and fact, as well as the relatively small claim of each class member, substantially diminishes the interest of members of the class individually controlling the prosecution of separate actions;

    b. Many of the class members are unaware of their rights to prosecute these

claims and lack the means or resources to secure legal assistance;

c. Upon information and belief, the Defendants reside and/or maintain their principal place of business in this district.

d. Upon information and belief, the vast majority of the class members reside in this district.

e. There has been no litigation previously or presently commenced by members of the class to determine the questions presented; and

f. A class action can be managed without undue difficulty since the Defendants have regularly committed the violations that are complained of herein, and were required to maintain detailed records concerning each member of the class.

### *AS AND FOR A FIRST CLAIM FOR RELIEF*
**(Violation of FLSA - Representative Action Brought by Plaintiffs on behalf of themselves and the class)**

26. All previous paragraphs are incorporated as though fully set forth herein.

27. At all relevant times herein, Plaintiffs were employed by the Defendants an MRI TECHNICIAN.

28. Plaintiffs regularly performed work for the Defendants in excess of seventy (70) hours per week for which no additional/overtime compensation was paid in violation of FLSA section § 7 (29 U.S.C. § 207).

29. Defendants' failure to make payment of overtime constitutes a violation of FLSA section § 7 (29 U.S.C. § 207). The Defendants' failure to make payment was willful within the meaning of the FLSA.

30. Accordingly, pursuant to Sections 7 and 16 of FLSA (29 U.S.C. §§207 and 216),

Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages calculated at the rate of time and a half (b) liquidated damages, and (c) reasonable attorneys' fees, costs and disbursement incurred in the action.

## *AS AND FOR A SECOND CLAIM FOR RELIEF*
**(Alleging Failure to Pay the Legally Mandated Overtime Premium Violations of the FLSA Brought by Plaintiffs on behalf of themselves and the class)**

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

33. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

34. At all times relevant to this Complaint, Plaintiffs were covered employees entitled to FLSA protections.

35. At all times relevant to this Complaint, Plaintiffs were not exempt from receiving FLSA overtime benefits.

36. Defendant is a covered employer required to comply with the FLSA mandates.

37. At all times relevant to this Complaint, Defendant violated the FLSA with respect to Plaintiffs by failing to compensate Plaintiffs at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 60 hours in a workweek.

38. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

39. Accordingly, pursuant to Sections 7 and 16 of FLSA (29 U.S.C. §§207 and 216), Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages

calculated at the rate of time and a half (b) liquidated damages, and (c) reasonable attorneys' fees, costs and disbursement incurred in the action.

### AS AND FOR A THIRD CLAIM FOR RELIEF
**(Alleging Failure to Pay for all Hours Worked Violations of the FLSA Brought by Plaintiffs on behalf of themselves and the class)**

40. All previous paragraphs are incorporated as though fully set forth herein.

41. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

42. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

43. At all times relevant to this Complaint, Plaintiffs were covered employees entitled to FLSA protections.

44. At all times relevant to this Complaint, Plaintiffs were not exempt from receiving FLSA overtime benefits because, *inter alia,* they were not an "outside sales" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.500, *et seq.*

45. Defendant is a covered employer required to comply with FLSA mandates.

46. Defendant violated the FLSA with respect to Plaintiffs by failing to compensate Plaintiffs for all hours worked and, with respect to such hours, failing to pay Plaintiffs the legally mandated overtime premium.

47. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

48. Accordingly, pursuant to Sections 7 and 16 of FLSA (29 U.S.C. §§207 and 216), Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages

calculated at the rate of time and a half (b) liquidated damages, and (c) reasonable attorneys' fees, costs and disbursement incurred in the action.

### *AS AND FOR A FOURTH CLAIM FOR RELIEF*
**(Alleging Recordkeeping Violations of the FLSA Brought by Plaintiffs on behalf of themselves and the class)**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. The FLSA requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 U.S.C. § 516.2 *et seq.*

51. Defendant is a covered employer required to comply with FLSA mandates.

52. During all relevant times, Plaintiffs were covered employees entitled to FLSA protections.

53. Defendant violated the FLSA with respect to Plaintiffs by failing to maintain accurate records of the actual hours Plaintiffs worked each workday and within each workweek.

54. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

55. Accordingly, pursuant to Sections 7 and 16 of FLSA (29 U.S.C. §§207 and 216), Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages calculated at the rate of time and a half (b) liquidated damages, and (c) reasonable attorneys' fees, costs and disbursement incurred in the action.

### *AS AND FOR A FIFTH CLAIM FOR RELIEF*
**(NYS Labor Law - Class Action Brought by Plaintiffs on behalf of themselves and the class)**

56. All previous paragraphs are incorporated as though fully set forth herein.

57. At all relevant times herein, Plaintiffs were employed by the Defendants as MRI

technicians.

58. Plaintiffs regularly performed overtime work for the Defendants in excess of seventy (70) hours a week for which no additional compensation was paid in violation of NYS Labor Law Article 19 and its implementing regulations, 12 NYCRR § 142-2, et seq.

59. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) hours per week was willful within the meaning of NYS Labor Law § 663.

60. The failure, refusal or neglect of the Defendants to pay proper overtime wages for each hour worked over forty (40) hours per week constitutes a violation of NYS Labor Law Article 19.

61. Accordingly, pursuant to NYS Labor Law Article 19 and its implementing regulations, 12 NYCRR § 142-2, et seq., Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages (b) liquidated damages, and (c) reasonable attorneys' fees and costs and disbursement incurred in the action.

### *AS AND FOR A SIXTH CLAIM FOR RELIEF*
**(Improper Deductions from Wages –NYLL- Brought by Plaintiffs on behalf of themselves and the class)**

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Defendants violated § 193 of the NYLL by illegal deducting monies from Plaintiff's and the Class Member's pay.

64. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Class Members have sustained damages including lost earnings, in an amount to be determined at trial.

65. Plaintiff and the Class Members seek damages in the amount of their lost earning, liquidated damages, pre-judgment interest, attorneys' fees and costs, as provided by the

NYLL, and such other legal and equitable relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

66. Plaintiffs hereby demand a trial by jury on all claims, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff, Yelena Studwell, on behalf of herself and all other similarly situated individuals, respectfully demand judgment as against all of the Defendants, jointly and severely, as follows

- A. On the First to Third Causes of Action, judgment in favor of Plaintiffs and others similarly situated for their claims of unpaid overtime wages as well as an equal amount of liquidated damages for the period of February 2005 through date of judgment pursuant to the FLSA;
- B. On the Fifth Cause of Action, judgment in favor of Plaintiffs and others similarly situated for their claims of unpaid overtime wages as well as additional award of liquidated damages in the amount of 25% of the total unpaid overtime wages for the period February 2005 through date of judgment pursuant to the NYS Labor Law;
- C. On the First Cause of Action, a declaration from this Court certifying this action as a representative action for all claims brought under the FLSA;
- D. On the Second Cause of Action, a declaration from this Court certifying this action as a class action pursuant to Fed. R. Civ. P. 23(b) for all claims brought under Article 19 of NYS Labor Law;
- E. On all Causes of Action, a declaration from this Court declaring that the Defendants violated the FLSA and NYS Labor Law;

F. On all Causes of Action, an order from this Court enjoining the Defendants from committing future violations of the FLSA and NYS Labor Law;

G. The reimbursement of the Plaintiffs' reasonable attorney's fees, as well as the costs and disbursements associated with the prosecution of this action, pursuant to FLSA § 216(b) and NYS Labor Law §663.1; and

H. Such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
April 14, 2014

Respectfully submitted,

*/s/ Steven Yuniver, Esq.*
Steven Yuniver, Esq. (SY 4383)
Kleyman & Associates, P.C.
2747 Coney Island Avenue
Brooklyn, NY 11235
Tel. (718) 234-5353
Fax (718) 234-5885
Syuniver@kleymanfirm.com
*Attorney for Plaintiffs*